Milligaw, J.,
delivered the opinion of the court.
This is an application by Richard Gregg, Washington Cockle, and Wm. R. Phelps, copartners, under the name of R. Gregg & Co., to recover $8,022 58, which they allege was illegally paid as duty assessed upon a quantity of liquors manufactured by *105 them, at Peoria, Illinois, ancl transported to different points within the United States for exportation.
It appears in the petition that the claimants, from the 24th of February, 1863, to the 3d of March, 1864, distilled large quantities of liquors, “including several lots,” amounting to 800,793^-gallons; and, desiring to export the same, the petitioners shipped it from the city of Peoria, in different quantities, to the cities of Chicago, St. Louis, Cincinnati, Baltimore, Philadelphia, and New York; and when the liquors arrived at these different points, the claimants changed their mind and determined to expose their liquors to sale in the general home market. The shipments were made under bond, and prior to the payment of the duty assessed thereon. The time, quantity, and distances over which the liquors were transported are stated in the petition, as follows: “ On and prior to the 31st day of December, 1863, there were transported over one hundred and under three hundred miles, 17,787/^ gallons; over three hundred and under four hundred miles, 23,332T3^ gallons; and over one thousand miles, 71S,647yGG. And between January 1 and March 3,1864, there were transported, over one thousand miles, 101,003gal-lons.”
Under this state of facts it is alleged, that by the treasury regulations, the petitioners were entitled to a deduction of 40,112^ gallons, on account of leakage while the spirits were in transitu for exportation. The collector denied the deduction claimed, and exacted the full amount of taxes assessed, which the petitioners paid; and this action is now prosecuted to recover back the sum of $8,022 58 which it is alleged was thus illegally paid into the treasury.
The petition is demurred to, and the case now comes before us. on general demurrer, which involves the construction of the several acts of Congress in relation to the taxation of distilled spirits, and an allowance for leakage during their transportation to the place of sale.
This case is not in all respects like the case of Thayer et al., determined at the present term of this court. In that case the claim rested on the leakage while the spirits were in a bonded warehouse; and in this, the claim is predicated on the leakage while the spirits were removed, under bond, from the place of distillation to the different points before designated for exportation. The two cases are somewhat analogous in the *106 principles that govern them, and, so far as tbe rules announced in Thayer’s Oase, ante, are applicable to tbe present case, they must control it.
Tbe tax paid in tbe case in band was assessed under tbe 41st section of tbe Act July 1, 1862, (12 Stat. L.,. p. 447,) wbicb provides “ That in addition to tbe duties payable for licenses herein provided, there shall be paid on all spirits that may be distilled and sold, or removed for consumption or sale, of first proof, on and after tbe first day of August, eighteen hundred and sixty-two, tbe duty of twenty cents on each and every gallon, which shall be paid by tbe owner, agent, or superintendent of tbe still or other vessel in wbicb the said spirituous liquors shall have been distilled, which duty shall be paid at the time of rendering the accotmts of spirituous liquors so chargeable with duty required to be rendered by this act.”
By tbe 45th section of tbe same act, tbe manner of rendering tbe accounts contemplated in tbe 41st section is declared in tbe following language: “And every person who after said day” [August 1,1862] “shall use, or intend to use, any still, boiler, or other vessel, as aforesaid, either as owner, agent, or otherwise, shall from day to day, make true and exact entry, or cause to be entered, in a book to be kept by him for that purpose, tbe number of gallons of spirituous liquors distilled by him, and also tbe number of gallons sold, or removed for consumption.or sale, and tbe proof thereof; wbicb book shall always be open in daytime (Sundays excepted) for tbe inspection of tbe said collector, who may take any minutes, memorandums, or transcripts thereof, and shall render to such collector on tbe first, tenth, and twentieth days of each and every month in each year, or within five days thereafter, a general account in writing, taken from bis books, of tbe number of gallons of spirituous liquors distilled and sold, or removed for consumption or sale, and tbe proof thereof, for tbe period, or fractional part of a month preceding-said day, or for such portion thereof as may have elapsed from tbe date of said entry and report to tbe said day wbicb shall next ensue,” &c.
This section, when construed with tbe 41st section, leaves but ■little doubt as to the time when tbe duty assessed attached and became payable. Tbe act says, (41st section,) “ tbe duty shall be paid at tbe time of rendering tbe account,” wbicb is provided for in tbe 45th section just quoted. (See Thayer’s Case, ante.)
*107 Tlie duty having become due at tbe time tbe accounts were rendered, is there any provision in tbe statutes for allowing tbe plaintiffs, under tbe circumstances of tbis case, tbe leakage claimed? Tbe spirits, as shown in tbe petition, were manufactured between tbe 24th of February, 1863, and tbe 3d of March, 1864; and removed for exportation from and prior to tbe 31st of December, 1863, and the 3d of March, 1864, and consequently tbe whole transaction ended before tbe passage of the act of June 30, 1864. In tbe act of July 1,1862, under which tbe taxes in question were levied, there is no provision for allowing leakage, which occurred while the spirits were being removed for exportation.
By the 47tb section it is provided: “That distilled spirits may be removed from the place of manufacture, for the purpose of being exported or for the purpose of being re-distilled for export; and refined coal oil may be removed for the purpose of being exported, after tbe quantity of spirits or oil so removed shall have been ascertained by inspection according to the provisions of this act, upon and with the written permission of the collector, or deputy collector of the district, without payment of the duties thereon previous to such removal, the ownerthereof having first given bond to the United States, with sufficient sureties, in the manner and form and under regulations prescribed by the Commissioner of Internal Revenue, and in at least double the amount of said duties, to export the said spirits or oil, or pay the duties thereon, within such time as may be prescribed by tbe Commissioner, which time shall be stated in said bond.” But this bond cannot be executed, or the permit given by any collector or deputy collector, until the applicant shall first take an oath “ that he intends to export such liquors or oil, and that he desires to obtain said permit for no other purpose whatever.”
Tbe collector or deputy collector had no power under this section to give the claimants a permit to remove their liquors, except for exportation; and when they failed to export them, there was a breach of the obligation of the bond, which by the terms of the act could only be discharged by the payment of the duties assessed, with interest thereon, at a rate to be fixed by the Commissioner, and all proper charges.
But it is argued that the proviso contained in the' 12th section of the act of March 3d, 1863, (12th Stat. L., 723,) covers, this *108 case, and entitles tbe elamants to a deduction for tbe leakage claimed. Tbe proviso is contained in tbe following language: u That tbe Commissioner of Internal Revenue is authorized to make rules providing for deductions, on account of leakage, from tbe quantity of spirituous liquors subject to taxation, under tbe act to which this act is an amendment, not exceeding five per cent, of tbe amount removed for sale; and said deduction shall be so adjusted in tbe different parts of tbe United States as' to be proportioned as near as practicable to tbe distance over which tbe manufacturer usually transports said liquors for tbe wholesale thereof; and tbe owner of tbe aforesaid liquors shall be charged with and pay tbe expenses of ascertaining tbe leakage.” . -
Admitting, under tbe authority of tbe case of The Supervisors v. United States, (4 Wallace, 435,) that tbe fact of tbe Commissioner’s failing to make tbe rules required of him, providing for deductions on account of leakage, can work no prejudice to these claimants, can it be contended that this proviso confers uj)on tbe Commissioner tbe power to make such rules in tbe class of cases now under consideration 1
Tbe act of March tbe 3d, 18.63, is amendatory of the act of July 1,1862, and we have seen that, under tbe 47th section of that act, tbe manufacturer cannot avail himself of its advantages, and remove bis hquors under bond, for exportation, merely to get them into tbe wholesale markets within tbe United States. He is bound under oath to act in good faith, and a failure to do so, forfeits bis bond and exacts from him tbe payment of tbe duties assessed with interest, and all proper charges. Were it otherwise, tbe most egregious frauds might be committed on tbe revenue. For we think it clear, as tbe law stood at tbe date of this transaction, after tbe permit to "remove tbe spirits for exportation was obtained and tbe bond with sureties executed, that tbe spirits went free and under tbe control of tbe exporter. Tbe bond constituted tbe government’s security for its indemnity, in case tbe liquors were not exported, or tbe revenue thereon paid. What then, but tbe personal honesty of tbe owner, or person removing them for exportation, is to prevent frauds % Certainly nothing — and tbe amount of fraud is only limited by tbe per cent, allowed by law.
But without pursuing this investigation further, it is enough to rest tbe case on tbe plain terms of tbe proviso to tbe 12th *109 section of tbe act of 1863. Its language is limited-to spirituous liquors, subject to taxation under tbe act of tbe 1st of July, 1862, wbicb are removed for sale; and tbe deductions are to beso adjusted in tbe different parts of tbe United States as to be proportioned as near as practicable to tbe distances over wbicb tbe manufacturer usually transports said liquors for loholesale. No mention is made in tbe proviso tbat leakage maybe allowed, when tbe spirits are removed for any other purpose than for sale, and we tbinb no other just interpretation can be given to it.
It is proper to remark, tbat no question as to tbe jurisdiction of this court over tbe subject matter of this action was raised; and we have given tbat question no consideration. Tbe whole case, in tbe argument, was rested on tbe grounds laid in tbe demurrer, and we regarded them sufficient to dispose of tbe case without an investigation of tbe question of jurisdiction.
Tbe demurrer, we tbinlc, was well taken, and must be sustained, and tbe petition dismissed.